UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X,
ABDULLAH ALSHALABI,

                      Petitioner,

            -against-

UNITED STATES OF AMERICA,

                      Respondent.
-------------------------------------------------------X

**MEMORANDUM & ORDER**

11 CV 1421 (RJD)

DEARIE, District Judge.

Before the Court is a motion by Abdullah Alshalabi to "re-open" his federal habeas proceeding (under 28 U.S.C. § 2255) for the purposes of advancing the additional claim that his attorney was ineffective because she allegedly failed to advise him that his plea of guilty would likely result in his deportation. (In his initial set of section 2255 papers, Alshalabi challenged only the custodial portion of his sentence and solely on the ground that it was disproportionate to the terms imposed upon his co-conspirators. The Court denied section 2255 relief in an eleven-page Memorandum and Order issued March 6, 2012 from which Alshalabi took no appeal.[1]

Although Alshalabi filed his "motion to re-open" while his initial 2255 application was pending, the later-filed motion was treated for docketing purposes as commencing a separate 2255 proceeding and assigned the separate docket number listed above. Nevertheless, precisely because the later motion was filed while the earlier motion was pending, the later motion lives

---

[1] The Court denied the application on the grounds that (i) the claim was moot because Alshalabi had completed serving the custodial portion of his sentence, (ii) the entire proceeding was barred by the waiver of post-conviction rights contained in Alshalabi's plea agreement, (iii) the claim was procedurally barred because Alshalabi pursued a direct appeal but did not raise there the disparate sentencing claim; and (iv) the claim was not cognizable on section 2255. See Memorandum and Order dated March 6, 2012, Alshalabi v. United States, 08 CV 2734 ("*Alshalabi I*") at pp. 5-11.

safely *outside* the realm of "second or successive" habeas jurisprudence, which would strip this Court of jurisdiction except for the purpose of directing transfer to the Second Circuit. See generally Ching v. United States, 298 F.3d 174, 177-81 (2d Cir. 2002). Ching held that, "in general, when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion." Ching, 298 F.3d at 177. This means, according to the Circuit, that a federal habeas court should apply pertinent parts of Rule 15 of the Federal Rules of Civil Procedure. See Ching, 298 F.3d at 179, 181 (specifically highlighting paragraph (a) of the Rule, which provides that "leave shall be freely given when justice so requires").

Of course, because Alshalabi's first motion is no longer pending, it is questionable, as a matter of pure procedure, whether Ching and Fed. R. Civ. P. 15 can be applied literally; i.e., one cannot "amend" a dismissed pleading. But that procedural formality is not material to the ultimate disposition of Alshalabi's "motion to re-open" because regardless of how his current set of papers are characterized, the new claim that Alshalabi seeks to advance does not entitle him to federal habeas relief.

That new claim is a set of ineffectiveness allegations that track those asserted in Padilla v. Kentucky, 559 U.S. __, 130 S. Ct. 1473 (2010); the high Court held for the first time that those allegations, if proven, establish deficient performance under the first prong of Strickland v. Washington, 466 U.S. 668 (1984), but further held that to prevail, a petitioner must also establish Strickland prejudice and remanded on that question. Padilla, 559 U.S. at __, 130 S. Ct. at 1482-84. The arguably new procedural rule that Padilla announces would not accrue to Alshalabi's benefit unless and until the Supreme Court also makes the holding of Padilla retroactively applicable on collateral review, see Schriro v. Summerlin, 542 U.S. 348 (2004) and Teague v.

2

Lane, 489 U.S. 288 (1989), and the high Court has not so acted.[2] Further, assuming it were within the power of a district court to decide the retroactivity question, this Court would answer it in the negative on the basis of the sound analysis in Hamad v. United States, 2011 WL 1626530, *2 (E.D.N.Y. April 28, 2011) (Gleeson, J.) (given that "the only new rule ever specifically determined by the Supreme Court to be retroactive was Gideon v. Wainright, 372 U.S. 335 (1963), . . . the 'right' recognized by Padilla, though important, is 'simply not at that level'") (internal vitations omitted).[3]

---

[2] The rule announced in Padilla is unquestionably "procedural" and not "substantive." As the Supreme Court made clear, "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes. . . . [whereas] rules that regulate only the manner of determining the defendant's culpability are procedural." Schriro, 542 U.S. at 353.

[3] For these same reasons, Alshalabi's "motion to re-open" would be time-barred as a free-standing section 2255 motion. To briefly illustrate: it is undisputed that Alshalabi's judgment of conviction became final on or about February 28, 2008, at the expiration of the ninety-day window within which he could have petitioned for certiorari after the Second Circuit's summary order (dated November 30, 2007) affirming his conviction and denying his appeal of this Court's denial of his motion to withdraw his guilty plea. Alshalabi's initial 2255 motion, filed on June 30, 2008, was well within the one-year limitations period of 28 U.S.C. § 2255(f). The "motion to re-open," however, was not filed until March 21, 2011, but Alshalabi seeks to invoke the limitations restart of subsection (f)(3) of section 2255, which allows a prisoner to seek habeas relief within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Although Alshalabi filed his motion to re-open on March 21, 2011 and thus within one year of the Padilla decision itself (which was issued March 31, 2010), Alshalabi cannot rely on Padilla to trigger 2255 (f)(3)'s limitations restart because the rule of Padilla has not been declared retroactive on collateral review.

For similar reasons, Alshalabi's motion to re-open would likely be untimely as an amendment under Ching and Fed. R. Civ. P. 15. Under Fed. R. Civ. P. 15(c), an amendment relates back to a timely original pleading "when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." The motion to re-open would not "relate back" under Rule 15(c) to the original 2255 motion because it seeks to advance what Alshalabi himself admits is "right" that was not recognized until two years later (in the the 2010 Padilla decision); further, Alshalabi's first set of papers confined themselves to the disparate sentencing claim, and neither "set forth" nor "attempted to . . . set forth" within the meaning of Rule 15(c) a claim relating to the validity of his decision to plead guilty or the performance of his attorney.

3

In any event, Alshalabi could not establish Padilla-based ineffectiveness under Strickland. The government reports that it contacted Alshabi's attorney Joyce David and that she advised that due to the passage of time, she has no recollection of the advice she gave Alshalabi but stated that her normal practice was to advise her clients of the deportation consequences of a conviction. Regardless, it is highly doubtful, in light of the record before the Court, that Alshalabi could credibly establish that Ms. David failed to alert him to the risk of deportation. The plea agreement itself includes the phrase, "Other penalties: Deportation/Removal," as the final entry in a list of the penalties associated with the count of the indictment to which Alshalabi was to plead, and twice during the plea colloquy, the Court asked Alshalabi if he had reviewed the agreement with counsel and if he understood all its terms, and he replied in the affirmative.[4] The Court also advised Alshalabi at the time he entered his plea that he would likely be deported and, at the same time, asked whether his attorney had explained that risk to him:

> THE COURT: . . . Supervised release is a period of supervision that begins to run the day you are released from federal custody. In your case, given the likelihood, if not the inevitability of your deportation following your release, the Court will nevertheless, excuse me, include a period of supervised release.
>
> If you were to violate the terms of your supervised release at any time during the period of supervision, you could be returned to prison under the sentence that I give in this case up to two years without any credit being given to you form [sic] the time you spent at liberty under supervision.
>
> Do you understand that, sir?
>
> ALSHALABI: Yes.
>
> THE COURT: Has Ms. David explained that to you?

---

[4] Relevant excerpts are set forth in this Court's earlier decision. See *Alshalabi I* at p. 2.

ALSHALABI: Yes. (Plea Tr. Dec. 1, 2005 at p. 17)[5]

In short, Alshalabi could not establish that his counsel rendered deficient performance because he has already stated under oath that his attorney did advise him of the deportation consequences of his plea of guilty.

In light of the foregoing, the Court need not reach the question of Strickland prejudice. Assuming, however, (i) that Padilla were someday found to be applicable on collateral review, (ii) that Alshalabi were then to file a timely 2255 application raising a Padilla claim, and (iii) that Alshalabi could credibly contradict the existing record and establish that Ms. David failed to advise him of the deportation consequences of his plea, Alshalabi would then have to "show that there is a reasonable probability that, but for counsel's [alleged] errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58 (1985). Although Alshalabi *alleges* as much in his motion to re-open, the Supreme Court in Padilla astutely remarked upon "the fact that it is often quite difficult for petitioners who have acknowledged their guilt to satisfy Strickland's prejudice prong." Padilla, 130 S. Ct. at 1485 n. 12.

## CONCLUSION

Regardless of how characterized, what Alshalabi has labeled a "motion to re-open" his earlier proceeding for relief under 28 U.S.C. § 2255 does not present a basis for the granting of habeas relief and is therefore dismissed. Because Alshalabi has not made "a substantial showing

---

[5] The Court repeated its warning to Alshalabi moments later: "And so, therefore, as I said a moment ago, Mr. Alshalabi, it is virtually inevitable given the nature of this conviction that following your release, you will be deported from the United States . . . Do you understand what I am saying?" Alshalabi replied, "yes." Plea Tr. 12/1/05 at p. 18.

5

of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
      August 29, 2012

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge